[Crim. No. 716. Second Appellate District, Division Two.—July 19, 1920.]

## THE PEOPLE, Respondent, v. PAUL GRAHAM, Appellant.

[1] CRIMINAL LAW—LARCENY—MISCONDUCT OF PROSECUTING OFFICER —ADMONITION TO JURY—APPEAL — PRESUMPTION. — In a prosecution under an information charging defendant and another with the crime of stealing hogs, the statement by the prosecuting officer, in his argument to the jury, that it is his theory that the defendant is one of a band of hog thieves does not constitute misconduct requiring a reversal of the judgment of conviction where, upon the defendant's taking exception thereto, the court admonishes the jury to disregard such statement; and, upon an appeal from such judgment, the appellate court is bound to presume, in the absence of showing to the contrary, that the jury obeyed and heeded such instruction and admonition.

APPEAL from a judgment of the Superior Court of Tulare County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. E. Perkins and Karl A. Machetanz for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

THOMAS, J.—This is an appeal from a judgment of conviction for petit larceny, on the ground of misconduct of the prosecuting officers.

The information charged defendant and another with the crime of grand larceny—the stealing of two sows and five pigs, of the value of seventy-five dollars. Graham demanded and was granted a separate trial. From the record before us it appears that four days were consumed and fifty-five witnesses examined during the trial—the transcript covering nearly five hundred pages.

[1] It is claimed by appellant that, "During the arguments of the case to the jury the following remarks of the counsel for the prosecution were excepted to by the defendant:

"Mr. Ham, Deputy District Attorney: It is our theory that these men are a band of hog thieves, that they make their living by stealing hogs.

"Mr. Machetanz: I want our objection to go to that, that these men are a band of hog thieves.

"Mr. Ham: The court can instruct the jury.

"The Court: Very well. The jury are instructed to disregard that statement of the district attorney.

"Mr. Ham: It is our theory that those men were engaged in stealing hogs; it is our theory that that defendant went around there stealing hogs throughout that country.

"Mr. Perkins: We object to that as irrelevant, incompetent, and immaterial, and prejudicial to the substantial rights of the defendant.

"The Court: Go ahead with your argument. . .

"Mr. Scott, District Attorney: My theory is that there is a band of hog-stealers down there, and that there is a combination in that country down there in that neighborhood of Alpaugh that has been stealing hogs. That is a proper inference to be drawn.

"Mr. Perkins: We except to the remarks of the district attorney that there is a band of hog-stealers, and to the statement that there is a combination down there in the neighborhood of Alpaugh that has been stealing hogs.

"Mr. Scott: I say that is the inference which I draw.

"Mr. Perkins: I except to the inference, because it is not supported by any evidence in the case.

"The Court: It is just the statement of the district attorney; he is not contending that it is a fact, except as the evidence shows it.

"Mr. Perkins: We except to the remarks of the district attorney, that it is noticeable that that is a class of district down there where these acts prevail, as being unsupported by the evidence.

"The Court: Proceed; you have your exception."

Tl e foregoing does not constitute ground for exception (*Pe le* v. *Willard,* 150 Cal. 543, [89 Pac. 124]), and, accord 1g to the positive and unqualified statement of appellant, is "the sole basis" of his appeal.

We think that the mere statement of this claimed assignment of error is to answer it. There is positively no merit therein. With the court's instruction and admonition to the

jury before us, in the absence of showing to the contrary, we are bound to presume that the jury obeyed and heeded the same. We consider the case so clear that argument or citation of authorities become unnecessary to support the conclusion reached.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.